**ZHENTIE MA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71676.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erika Zimmerman, Esq., U.S. Department of Justice Env. & Natrl. Resources Div./ Enf. Sec., John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Zhentie Ma, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The IJ provided specific, cogent reasons for disbelieving Ma's purported fear of persecution based upon his Falun Gong practice. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). The IJ found Ma's inability to explain why he attempted to take a Falun Gong petition to Beijing to be both unresponsive and implausible. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113 (9th Cir.2002) (holding that IJ must cite specific examples in order to deny asylum claim based on unresponsiveness); *Singh–Kaur* 183 F.3d at 1153 (upholding IJ's finding of implausibility in ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plicant's testimony). Moreover, the IJ found Ma's explanation of the problems he experienced in China before August 15, 2000 to be lacking in detail. *See id.* (upholding IJ's finding that applicant's testimony was not credible because it lacked specificity). Therefore, substantial evidence supports the adverse credibility finding. *See Singh,* 367 F.3d at 1143.

 Because Ma fails to qualify for asylum, he necessarily fails to meet the more stringent standard of proof required for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

 Finally, this Court does not have jurisdiction to consider Ma's CAT claim because it was not exhausted before the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999).

### PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.